IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **JOHN S. WILLIAMSON,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:21-cv-45 |
| | § | |
| **BANK OR AMERICA CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Bank of America, N.A. (erroneously sued as Bank of America Corporation) ("Defendant"), pursuant to 28 U.S.C. §§ 1331 and 1332, removes the above-captioned civil action currently pending in the 142nd Judicial District Court of Midland County, Texas, Cause No. CV57296 (the "State Court Action"), to the United States District Court for the Western District of Texas, Midland-Odessa Division.

#### I.  STATEMENT OF THE CASE

1.  On February 23, 2021, Plaintiff John S. Williamson ("Plaintiff") filed his *Complaint* (the "Complaint") in the State Court Action.[1] In his Complaint, Plaintiff asserts claims for breach of contract, violation of the Fair Credit Reporting Act, and the Texas Deceptive Trade Practices Act. Plaintiff seeks monetary damages between $250,000 and $1 million.[2]

#### II.  VENUE

2.  Venue for this Notice of Removal is proper in the United States District Court for the Western District of Texas, Midland-Odessa Division, because this district and division includes

---

[1] A copy of Plaintiff's Complaint is attached as **Exhibit 2**.
[2] **Exhibit 2**, p. 1, Relief Sought.

Midland County, Texas – the location of the pending State Court Action.[3]

### III.     BASIS FOR REMOVAL: FEDERAL QUESTION

3.     The Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff alleges and seeks damages based on his claims that Defendant violated the Fair Credit Reporting Act.[4] Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[5] Because Plaintiff's claims arise under federal statutes and regulations, removal of this entire cause of action is appropriate pursuant to 28 U.S.C. § 1441(a)-(c). The Court also has supplemental jurisdiction over any remaining state law claims because they "form a part of the same case or controversy."[6]

### IV.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A. The Parties are Citizens of Different States.**

4.     There is complete diversity of citizenship between Plaintiff and Defendant.[7] Here, Plaintiff is a citizen of Midland County, Texas because he is domiciled there.[8]

5.     Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States. It is a citizen of North Carolina because its articles of association establish that location as its main office. See 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 945 (U.S. 2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Therefore, Defendant is a citizen only of the State of North Carolina for diversity purposes.

---

[3] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(2).
[4] *See* **Exhibit 2**.
[5] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[6] 28 U.S.C. § 1367(a).
[7] 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff is from the same state as any defendant); *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).
[8] **Exhibits 2**; *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

6. Because Plaintiff is a citizen of Texas and Defendant is a citizen of North Carolina, complete diversity exists.

**B. The Amount in Controversy Exceeds $75,000.**

7. In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[9] The face of Plaintiff's Complaint shows the amount in controversy exceeds $75,000.[10]

8. Based upon Plaintiff's request for damages of at least $250,000, the amount in controversy exceeds $75,000.

### V. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

9. Plaintiff has not demanded a jury trial in his Complaint.

10. Removal of this action is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not expired since any service has occurred on Defendant on February 23, 2021.

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto as **Exhibit 1** through **Exhibit** .

12. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant is providing Plaintiff with written notice of removal; and a copy of this Notice of Removal is being filed with the Clerk of the 142th Judicial District Court of Midland County, Texas.

### VI. CONCLUSION

The Court may exercise original jurisdiction over this action because (i) Plaintiff asserts claims arising under federal law and (ii) complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

---

[9] 28 U.S.C. § 1332(a).
[10] **Exhibit 2**.

Dated:  March 25, 2021

Respectfully submitted,

/s/ *Elizabeth Chandler*
Elizabeth Chandler, SBN:  24097484
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile:  214.932.6499
echandler@mcguirewoods.com

**ATTORNEY FOR DEFENDANT**
**BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, and mailed and/or electronically delivered to the following:

Amber L. James
The James Firm, PLLC
1316 5th Avenue
Fort Worth, TX 76104
(409) 553-6450
Amberjames@wtxlaw.com

*Attorneys For Plaintiff*
*John Williamson*

/s/ *Elizabeth Chandler*